<div style="margin-left:auto">UTICA,<br>August, 1829.</div>

<div style="margin-left:auto">Allegany co.<br>v.<br>Van Campen.</div>

throughout as if all were present; though it appears that but two took the oath required before proceeding to execute the trust. It seems to me that two had authority expressly given them by the act to perform the duties designated.

By the inquisition, the proceedings appear to have been regular; but if they were not, so long as a valid appraisement appears, we will not enquire collaterally into the proceedings of the appraisers. Enough is shewn to give them jurisdiction. The inquisition is on file, and a matter of record. If incorrect, it might have been set aside on certiorari.

I am of opinion, therefore, that the motion to set aside the nonsuit should be denied.

---

## The Supervisors of the County of Allegany vs. Van Campen and others.

A bond given by a treasurer of a county that he "shall well, truly, and faithfully execute and perform the duties of treasurer of said county according to law," is good, although not in the form prescribed by statute.

DEMURRER to pleas. The declaration is in debt on a bond conditioned for the faithful discharge of the duties of treasurer of the county of Allegany by Van Campen. Van Campen and six of his sureties united in the defence, and appeared by one attorney; two of the remaining sureties, there being eight in the whole, appeared and defended by another attorney. Each set of defendants pleaded *fourteen pleas*. The pleas of each, however, were the same in form and substance.

If the variance were material, *it seems* it could not be taken advantage of by plea.

To a breach assigned that a treasurer of a county had wrongfully and fraudulently embezzled the public money and converted it to his own use, a plea that the treasurer had not been requested by the supervisors, or by any person authorised to make such request, to pay over the money is not good; a defendant in such case having no right to require that a demand should be made previous to suit.

A plea that a treasurer was not requested before suit brought to pay over the monies in his hands, in answer to a breach that he refused to pay, although particularly *requested* so to do, is bad if it concludes with a *verification*.

The addition to such plea that the treasurer had not been called upon to account, is bad also for duplicity.

stance. The plaintiffs, in their declaration, after setting forth the bond and condition, assigned three breaches. The condition, as set forth, is in these words: " If the above bounden Moses Van Campen, appointed by the supervisors as treasurer of the county of Allegany, shall well truly and faithfully execute and perform the duties of treasurer of said county according to law, then this obligation to be void and of no effect, otherwise," &c. The breaches assigned are, 1. That Van Campen, as such treasurer, received divers sums of money, amounting in the whole to the sum of $3000, raised in the county of Allegany for defraying the public and necessary charges thereof, and wrongfully and fraudulently embezzled and converted the same to his own use; 2. That Van Campen, as such treasurer, accounted with the plaintiffs of and concerning divers sums of money raised in the said county for defraying the public and necessary charges thereof, and which had come to his hands as such treasurer, and on such accounting was found to be in arrear and indebted to the plaintiffs in the further sum of $3000, yet not regarding his duty, &c. afterwards wholly and absolutely refused to pay over the same to the said plaintiffs, *or their order*, although particularly requested so to do; 3. That Van Campen, as such treasurer, received, &c. $3000, yet, not regarding his duty, wholly and absolutely refused to pay over to the plaintiffs, *or to their written orders*, the said sum, although particularly requested so to do.

The defendants pleaded, 1. *Non est factum:* 2. That the bond executed by the defendants is not conformable to the statute, and therefore void; 3. (being the fifth plea to the first breach,) That Van Campen was not requested by the supervisors, nor by any other person authorised to make such request, to pay over the money in the said breach mentioned, concluding with a verification and prayer of judgment; 4. (being the second plea to the second breach,) That Van Campen never was, before the commencement of the suit, called upon or requested by the said supervisors, nor by any person by them legally authorized, to pay over,

&c.; 5. (being the third plea to the third breach,) That Van Campen had not been requested by the supervisors, or by any person authorized to make such request, to pay over, &c.; nor had he been called upon or requested by the said supervisors to render an account of the said money; both the last pleas concluding with a verification.

To the four last pleas the plaintiff demurred: *generally* to the *second* and *third* pleas, and *specially* to the *fourth* and *fifth* pleas, as above classed. The special causes assigned are, that the pleas conclude with a verification, and that the last plea is double. The defendants joined in demurrer. Issues of fact were joined upon all the other pleas.

*S. A. Foot*, for plaintiffs. The second plea is bad. It presents a question of law, not of fact; whether there be a variance between the bond as set forth in the declaration, and the form prescribed by the statute, is not an issuable fact which can be the subject of a plea. The fifth plea to the first breach is also bad. That breach alleges that Van Campen wrongfully and fraudulently embezzled and converted to his use the monies of the county. A plea that the defendant was not requested to pay over money thus held, is no answer to the charge; for if true that he embezzled the money, it was not incumbent upon the plaintiffs to shew a special request before suit. The two last pleas are bad for the causes assigned in the demurrer; the breaches assigned are, that Van Campen refused to pay to the plaintiffs, or to their order, although particularly requested so to do. The pleas put in issue the allegations of the plaintiffs, and therefore should have concluded to the country, and not with a verification. Besides, the last plea is bad for duplicity.

*S. M. Hopkins*, for defendants. The bond is variant from the form prescribed by the statute, (2 R. L. 139, § 5.) Although it may be said that, as far as it goes, the bond is conformable to the act, and that for a breach of it in those particulars the defendants are responsible, still the question is submitted, whether the statute should not have been strictly pursued.

The first breach charges the treasurer with *enbezzlement.* UTICA.
The fifth plea to this breach meets the charge by saying he August, 1829.
was not requested to pay over. It is the duty of the treas-
urer to *keep* the money until duly called upon by orders;   Allegany co.
his person is the *treasury.* Under the breach assigned, proof   Van Campen.
that he put the money into his pocket when he received it,
would not subject him to the charge of embezzlement; and
yet, unless embezzled then, the charge is not pleadable or
traversable. Suppose he appropriates the *very money* received
to the purchase of merchandize, and yet pays all orders
drawn upon him ; no action lies. When, therefore, the defen-
dants say that the treasurer was not requested by the plain-
tiffs to *pay over* the money received, their answer is perfect,
and the plea is good.

The second breach is for not paying over to the surpervi-
sors or to their *order.* The second plea to this breach was
intended to raise the question whether the treasurer was lia-
ble, or warranted to pay without a *written* order. If not, it
should have been so averred. The general issue of *non est
factum* would have admitted an order, though, in fact, none
might have been made. The true question is whether an
order was made and presented for payment ; and the plain-
tiffs, by refusing to take issue upon this plea, admit that they
have no cause of action.

The third breach is for *non-payment of orders.* The third
plea to this breach is substantially, " you have given no or-
ders to pay over ; you have not called me to an account."
In answer to this plea, the plaintiffs, instead of demurring,
should have specified and set forth the orders. The alle-
gation, that the treasurer was not called to an account, is
mere surplusage. At law, you may demur for duplicity, but
not for impertinence. If there be surplusage, it does not
hurt the plea. An actual request in this case was essential
to the support of the action, and a special request ought,
therefore, to have been stated ; the *licet sæpius requisitus* was
not enough ; it ought to have been shewn by whom it was
made, and the time and place of making it, that the court

might have judged whether the request was sufficient. (Comyn's Dig. Pleader C. 69, 70, &c.) The breach as averred, varied from the sense and substance of the contract ; which was, that Van Campen should pay, according to law, all monies which should come to his hands. Merely stating, therefore, that he refused to pay, without alleging that he was requested so to do by orders duly issued, was not enough. (Comyn's Dig. Pleader, 47, 48.) As to the verification, it was unavoidable ; the defendants were obliged thus to plead, or to abandon their defence.

*Foot*, in reply. The defendants might have discharged themselves from liability by averring a readiness at all times, by the treasurer, to pay the monies received by him. The question upon this point, argued by the counsel, does not arise under the state of the pleadings. It was not necessary that it should have been averred that the orders were *in writing*. That they were so may be supplied by proof. Nor will the plaintiffs be required to set out the particular orders, as it would lead to great prolixity of pleading. The last plea is chargeable with duplicity ; the plaintiffs could not have taken issue upon it, without presenting a new point in the case. As to the validity of the bond. Being given under a statutory provision, and the treasurer obligated to perform his duty according to law, the bond and the statute are in *pari materia*, and must be construed together. (5 Cowen, 468.)

*By the Court*, Sutherland, J. The 2nd plea of the defendants sets up a variance between the bond given by the defendants and the form prescribed by the statute. The statute (2 R. L. 139, sect. 5) directs that the bond given by the treasurer of a county shall be conditioned as follows : " That he shall well and faithfully execute the office of treasurer of such county, and pay all monies which shall come to his hands as treasurer according to law, and render a just and true account thereof to the said supervisors, or to the comptroller of the state when required." The condition of the bond in this case is, " That the said Moses Van Campen shall

well, truly and faithfully execute and perform the duties of
treasurer of said county according to law." There is noth-
ing in the bond which is not prescribed by the statute, and
it contains in substance every thing that the act requires.
Its legal effect and operation is the same. It binds the treas-
urer to execute the duties of his office according to law, and
one of his duties is to account for the monies received by
him when required by the supervisors of the county or the
comptroller of the state. The act does not declare that a
bond in any other form than that prescribed shall be void as
does the act "*concerning sheriffs and their duties*," (1 R. L.
423, sec. 13. *Strong* v. *Tompkins*, 8 Johns. R. 98.) The
plea is therefore bad and the demurrer is well taken. But
if the variance were material, I should doubt whether it
could be taken advantage of by plea. It is not an issuable
fact.

The next plea demurred to is the 5th plea to the first
breach. This breach, it will be recollected, charges Van
Campen with having received as treasurer, large sums of the
public money, amounting to $3000, which it alleges *he wrong-
fully and fraudulently embezzled and converted to his own use.*
The defendants plead in bar of this breach, that Van Camp-
en has not been requested by the supervisors, or by any oth-
er person authorised to make such request, to pay over the
money in the said first breach mentioned. The plea admits
the fraudulent embezzlement as alleged in the breach, and
answers it by averring that Van Campen had never been re-
quested by the plaintiffs to pay over the money to them.
Whether the term *embezzle* is sufficiently definite and precise
to stand the test of a special demurrer may, perhaps, be
questionable. But upon general demurrer it is sufficient:
it means the appropriation to one's self, *by a breach of trust,*
of the property or money of another. The term necessarily
imports fraud and breach of trust. The treasurer was not
entitled to a demand of the public monies in his hands, when
he admitted that he had fraudulently appropriated them to
his own use. The demurrer to this plea is also well taken.

Vol. III.              7

UTICA.
August, 1829.

The cause of demurrer assigned to the 2d plea to the second breach is, that it concludes with a *verification*, whereas it should have concluded to the country. The breach alleges that Van Campen accounted with the plaintiffs and was found to be in arrear and indebted in the further sum of $3000, and that not regarding his duty, &c. he wholly and absolutely *refused to pay over the said last mentioned sum of money to the said plaintiffs or their order, although then and there particularly requested so to do.* The plea avers than Van Campen never was requested to pay over the money in his hands, &c. and concludes with a verification. I am inclined to think that the allegation in the breach of a *request* or demand is sufficiently explicit to amount to a positive averment, and that the plea should have concluded to the country; and is therefore bad on special demurrer. The 3d plea to the third breach is also bad for concluding with a verification; besides it is double. Judgment for plaintiffs on all the demurrers, with leave to defendant to amend.