IN COLUMBIA SUPERIOR COURT, SEPTEMBER TERM, 1831.

THE JUSTICES OF THE INFERIOR COURT OF COLUMBIA, for the use of GRIFFIN EDMONDSON, *vs.* The Administrators of JOHN WYNN.

## *Debt.*

When the statute *prescribing* a bond declares all bonds not taken pursuant to it void, the statute must be strictly pursued as bonds which do not conform to it are void by express enactment.

When the statute contains no such provision, the *conditions* of bonds taken under it, which are *contrary* to the statute, are

AT the last term this cause came on for trial, and objections being taken to the bond on which the action is founded, it was rejected, and a nonsuit awarded, with leave to move to set it aside. That motion was made and argued, and having been considered by the court is allowed.

The action is on an administration bond, and the objection taken to it, is its want of conformity to the condition prescribed in the act of 18th December, 1792, "To protect the estates of orphans, and make provision for the poor." This non-conformity consists in the omission of the words "*or knowledge*," in that part of the prescribed condition which requires the administrator to " make a true and perfect inventory of all and singular the goods, chattels, and credits of the

said deceased which have or shall come to his hands, possession, *or knowledge.*" It had been decided in this court in the case of the Justices of the Inferior Court of Columbia County, for Jones *vs.* Richard Eubanks *et al.*, that the omission was a fatal variance, rendering the bond absolutely void. Upon the authority of that case chiefly, and upon the maxim *stare decisis*, it was that the court rejected the bond. Not satisfied, however, with the decision, and aware of the importance of the question, it has been attentively examined, and the result is a conviction in the mind of the court that it erred, and that the bond should have been received.

The principle assumed in the case of the Inferior Court of Columbia *vs.* Eubanks, is, that " Whenever a statute prescribes a particular mode or form, that particular form must be pursued, and no other will be valid." This principle rests for support upon the authority of the Constitutional Court of South Carolina, in the case of the Commissioners of the Poor of Lawrence district, *vs.* Gaines and Others, 1 S. C. Rep. 459, and the dissentient opinion of Marshall C. J. in the case of Speake and Others *vs.* The United States, 9 Cranch. 28.

In the first case, the court, after adverting to the particular facts of the case before it, lays down this broad principle, that " where an act of Assembly requires a thing to be done in a particular way, that way and that alone must be pursued." Without doubting the correctness of the judgment of the court in that case, there may be great doubt, whether the principle laid down be of as universal application as the unqualified terms used by the court would import. The bond upon which that adjudication was made was a bastardy bond, taken *colore officii* under a magistrate's warrant, and not only did not conform to the act, but was opposed to it. The obligee in the bond was different from the obligee designed by the act; the uses to which the money was to be applied were different from those prescribed in the act; and the condition of the bond was opposed to that prescribed. The court is there considered as determining, that the bond having been exacted from the obligor under color of office while he was in arrest under a magistrate's warrant, was void as a voluntary bond at common law, and was void as a statutory bond, for the reasons above stated.

The case of Speake and Others *vs.* The United States was upon an embargo bond, the objection to which was, that it was for more than double the value of the vessel and cargo, for which sum only it should have been according to the act. In opposition to the opinion of the Court, the Chief Justice " was rather inclined to think that the plea was good, which stated that the bond was given for more than double the value of the vessel and cargo. If the bond was given for more than double that value, he thought it was void in law."

These are the authorities upon which the court is called

COLUMBIA,
September,
1831.

JUSTICES of
Inferior Court
*v.*
Administrator of
WYNN.

*alone* void; as also are *onerous conditions beyond* the statute.

The obligor can in no case be permitted to take advantage of the omission of conditions when the omission is beneficial to himself.

When the conditions omitted are onerous to the obligor, they shall not be permitted to charge him; but if a statute prescribing the condition of a bond to be given by an officer, agent, trustee or other person, enumerate particular duties, and also contain general words which include his whole duty, an obligor in a bond taken under such statute, is not discharged from his general obligation by an omission of such particular enumeration.

COLUMBIA,
September,
1831.

JUSTICES of
Inferior Court
v.
Administrator of
WYNN.

upon to set aside an administration bond, solemnly, delibe-rately, and voluntarily entered into, because of the omission of a comparatively unimportant part of the duties of an ad-ministrator, as set forth in the form of the condition given in the act. For these authorities the court has high respect; but looking to the consequences of the decision it is about to pronounce, not alone upon the interests of the present plain-tiff, but of perhaps more than half of those interested in ad-ministration bonds throughout the State, it would yield to the force of the authorities only from a conviction that they con-tain incontrovertible evidence of the law; and that the prin-ciples they assert are strictly applicable to such a case as this before the court. The reason assigned for the rejection of the bond is that it is void in law. That it is void by common law is not pretended. The condition contains nothing *malum in se,* nothing immoral or of turpitude or crime, nothing against public policy or interest, nor any thing which the ob-ligor might not most honestly and legally perform. If void in law then, it must be by reason of some statutory provision either general or special. No legislative enactment is known to the court which adopts the general principle that " when-ever a statute prescribes the particular mode or form, that par-ticular form must be pursued, and no other will be valid." Indeed it seems at variance with the spirit that usually per-vades our legislation, which sacrifices form to substance ra-ther than substance to form. Nor is there any thing in the act which prescribes the form of an administration bond, that specially declares all other bonds not in the given form to be void. On what then does the principle rest? It must be on the authority of courts, and is but a rule adopted by them to carry into effect the legislative will, as supposed to be mani-fested by declaring a form. And it is a rule too, by no means universally adopted by the courts. The Court of King's Bench in England do not adopt it as may be inferred from the case of Rogers and Reeves, 1 Term Rep. 418. in which a *simple contract* security entered into under 23 Hen. 6. ch. 9. which prescribes a *bond* is declared void, and the rea-son assigned is that " The statute in this case having prescribed the form of security and having *declared that all others shall be void,* the security must be in the particular form marked out by the statute. But it is held under this statute, thus strict, that though a sheriff may not depart from the prescribed form, a plaintiff may. The Supreme Court of the United States do not adopt it as we have seen in the case of Speake and Others against the United States. It is not the rule in the Supreme Judicial Court of Massachusetts, as we learn from the case of Morse *v.* Hodsdon and Others : 5 Mass. Rep. 314. That was an action upon a replevin bond not taken in con-formity to the form prescribed, and is a case very apposite to the one under consideration. *Parsons,* Ch. J. in deliv-

COLUMBIA,
September,
1831.

JUSTICES of
Inferior Court
v.
Administrator of
WYNN.

ering the opinion of the court, says, " Indeed we do not re-cognize any principle of the common law, by which the bond in this case is void at law. If it be void, it must be so in con-sequence of the statute directing the form of the writ of re-plevin. True it is, that the condition in this case is variant from the form there directed ; but that statute does not pro-hibit the taking a bond of any other form, or declare a bond of any other form void." And in conclusion he adds, " But without regarding the inconveniences that may result to either party, the bond must be good, unless it be declared void by the common or statute law, and we know of no law by which it is made void."

The Supreme Court of New York do not adopt it. In the case of the supervisors of Allegany County *vs*. Van Campen and Others, 3 Wend. 48, on a question, such as the present, which arose upon the legal effect of a want of conformity between the bond of the defendant, and that prescribed by the statute, that court says " There is nothing in the bond which is not prescribed in the statute, and it contains in substance every thing which the act requires. Its legal effect and operation is the same." And further " the act does not declare that a bond in any other form than that prescribed shall be void, as *does the act concerning sheriffs, &c*." The plea is therefore bad.

It is not the rule in the Courts of North Carolina. In the case of Williams *vs*. Yarbrough, 2 Dev. N. C. Reports, 14. Henderson J. says, " I am satisfied that almost all courts have gone too far in enforcing the rule, that a bond required by a statute must in all respects conform to the regulations of the statute, otherwise it is void, or that it cannot be treated as a statutory bond, but must be enforced, if at all, as a voluntary one. I perfectly agree that in all essential points, the statute must be observed—that no other or greater obligation must be imposed by the bond than the statute authorizes. But I think that he who is called upon to fulfil it cannot say the bond is void, or even without the statute, as to the obligations which the bond imposes, because there are other obligations which ought to have been imposed upon him, and which have been omitted. I cannot believe such to be a sound construction. Such objections to be sure might be made by him, for whose benefit such omitted obligations ought to have been inserted ; but I think it by no means follows, that if the one party could reject it, the other is not bound by it." See also The Gover-nor *vs*. M'Affee, ib. 17. Nor is it even the case in the Court of Appeals of South Carolina. In the case of Bates *et al. vs*. The Treasurer, recently decided in that Court, which was upon a sheriff's bond for $12,000, the statute prescribing but $7000, Judge O'Neal says " It is supposed that the bond if not taken in exact conformity to the act, is void. But the act itself makes no such provision, and unless it does, the ob-

4

COLUMBIA,
September,
1831.

JUSTICES OF
Inferior Court
*v.*
Administrator of
WYNN.

jection is unavailing. For to render a bond taken under a statute void, it must be so according to the express enactment, or must be intended to operate as a fraud by color of the law on the obligors, or must be intended as an evasion of the statute."

Then, as a rule for the ascertainment of the legislative will, resting upon the authority of courts, it fails of support, the highest courts, and those of greatest authority being opposed to it. Besides, no rule can be either a good or a safe one that has not for its object the advancement of justice; or is not calculated in its operation to produce that effect; and the object of this rule, if to be inferred from its tendency, is rather to defeat than to advance justice. Upon a careful examination of the subject, and a review of the authorities, the court feels disposed to adopt the following principles or rules.

1st. Where the statute prescribing a bond declares all bonds not taken pursuant to it void, the statute must be strictly pursued, as bonds which do not conform to it, are void by express enactment.

2d. Where the statute contains no such provision, the *conditions* of bonds taken under it which are *contrary* to the statute are *alone* void; as also are *onerous conditions beyond* the statute.

3d. The obligor can in no case be permitted to take advantage of the omission of conditions, where the omission is beneficial to himself.

4th. Where the conditions omitted are onerous to the obligor, they shall not be permitted to charge him; but if a statute prescribing the conditions of a bond to be given by an officer, agent, trustee or other person, enumerate particular duties, and also contain general words which include his whole duty, an obligor in a bond taken under such statute, is not discharged from his general obligation by an omission of such particular enumeration.

That part of the condition prescribed which is omitted in the bond under consideration, is comparatively unimportant. The administrator has bound himself to " make a true and perfect inventory of all and singular the goods, chattels, and credits of the deceased, which have or shall come to his hands or possession, or into the hands of any other person or persons for him," and the same " well and truly to administer according to law, and to make a just and true account of his actings and doings thereon when required, &c.

The omission is simply as to the inventory. He does not undertake to inventory the goods, chattels or credits of the deceased, which shall come to his ' knowledge.' But with that exception, the whole duties of an administrator have been undertaken; and it may be a question whether his undertaking to administer the estate of the intestate " which have or shall come to his hands or possession, or the hands

or possession of any other person or persons for him" does not even embrace this exception. Whether it does or not, however, the omission does not render the bond void.

Let the nonsuit be set aside, and the cause reinstated.