Reese, J.
delivered the opinion -of the court.
This is an action of debt upon a bond. E. W. Dale was appointed cashier of the branch of the State Bank at Columbia. The act establishing the Bank, (1837, ch. 107, sec. 9, art. 9,) provides that “every president and cashier, before he enters on the execution of his duty, shall give bond with two or more securities to the satisfaction of the directors, payable to the governor of the State, in a sum not less than one hundred thousand dollars, conditioned for the faithful performance of his duty.” E. W. Dale and his securities gave bond in the penalty of one hundred thousand dollars, payable to Newton Cannon, governor of the State of Tennessee, and his successors in office, “conditioned that Dale should well and truly, and with diligence, integrity and fidelity discharge and perform all and singular the duties appertaining to the said office, and should be responsible to and indemnify the Bank of Tennessee, for all sums of money that might become due, and all losses or damages that might be sustained by reason of any default, neglect, fraud, failure or delinquency of the said Dale, (which it was thereby cov *506 enanted that he should do and perform,) then the obligation to be void,” &c. After this, in the above bond, is found the following: “And it is understood and agreed that one recovery shall not satisfy or discharge this obligation, but that it shall be good and available against us, notwithstanding any previous recovery or recoveries, so long as any cause of action exists against the said E. W. Dale, cashier as aforesaid, and that no occasional or temporary absence of said cashier from the said branch of said Bank, shall be averred or alleged as impairing the force of this obligation, or of said conditions, but that the same, notwithstanding any such absence, shall continue in full force and virtue.” Suit upon this bond was brought in the name of James K. Polk, governor of the State of Tennessee. A demurrer was filed to the declaration, which the circuit court upon argument saw proper to sustain, and the plaintiff in error has appealed to this court.
Two questions have been discussed before us. 1. As the statute directs that the bond shall be made payable to the “governor of the State,” and as the bond in the record was made payable to “Newton Cannon, governor of the State of Tennessee, and his successors in office,” whether James K. Polk, although governor of the State, and successor of Newton Cannon in office, can maintain the action? For the plaintiff it is said that the action may well be brought either in the name of “the governor of the State” without more, or in the name of the governor at the time, or if not in office, in the name of his successor, stating himself as governor; that the bond and the action in this case are according to the legal effect of the statute, and sufficiently pursue it; but even if this were not so, that the words “Newton Cannon,” “successors in office” and “James K. Polk” may all be rejected as surplusage, and then the bond and the action are in the name of the “governor of the State;” that when a statute directs bonds for the public benefit, to be made payable to the governor or other functionary, having legal succession, the office is the payee, and the successor, whether described, eo nomine, either in the statute or bond, or not, may yet maintain the action, such officer being made by form of the statute and for the public benefit, quoad hoc, a corporation sole. Upon this branch of the case, the counsel for the plaintiff have referred to various authorities; among others to 1st Hay. 144: 4 Ba. Ab. 411: 4 Rep. 65: 4 Inst. 249: Strange, 452: 4 Dev. 656.
The counsel for the defendants in this court, do not controvert *507 the point which these authorities were cited to maintain. And wé think on this branch of the case no obstacle exists in the way of the plaintiff maintaining this action.
2nd. In the second place it is contended,- that this bond is statutory, made payable to a public functionary, having no right, or power, or interest, apart from the statute, to take any bond at all touching the duties and functions of a cashier of a bank j and that¿ therefore, no other, or different bond can be taken by him, thaii that which the statute designates; and that if other and different stipulations than those pointed out by the statute be inserted in such a bond, it is thereby rendered void, not as regards such other and different stipulations merely, but so much also of the bond, as may be conformable to the statute; that in the bond before us, the superadded conditions, or stipulations on the subject of one recovery not satisfying or discharging the obligation, and on the subject of the temporary or occasional absence of the cashier, are of this character, and make the whole bond bad, and void as a statutory bond.
On the other side it is said, that these superadded stipulations may be void, and if void, they do not invalidate the balance of the bond, that they stand distinctly apart from the other Stipulations, are readily separable from them, and that in fact, without these stipulations the bond is entire, complete and in exact conformity with the statute.
This question has profited by the ample research, and clear and vigorous discussion of Mr. Justice Story, in the case of the United States vs. Bradley. That case indeed has exhausted the subject. The court there remark: “That bonds and other deeds may, in many cases be good in part, and void for the residue, when the residue is founded in illegality, but not malum, in se, is a doctrine well founded in the common law, and has been recognized from a very early period;” and Mr. Justice Story goes on to show that the case was the same, when the illegality arises under a statute, except in some cases, such as those under the statute of 33 Henry 6, ch. 9, as to sheriffs taking bonds, which are in terms by the statute declared void, unless taken as set forth therein.
And having reviewed several cases in England and the United States, he concludes with this general declaration, that “there is no solid distinction, in cases of this sort, between bonds and other deeds, containing conditions, covenants or grants, not malum in se-, *508 but illegal at the common law,- and those containing conditions^ covenants or grants, illegal by the express prohibitions of statutes.In each case, the bonds or other deeds are void as to such conditions, covenants or grants, which are illegal, and are good as to all others which are legal and unexceptionable in their' purport.The only exception is, when the statute has not confined its prohibition to the illegal conditions, .covenants or grants, but has expressly or by necessary .implication, avoided the whole instrument to all intents and purposes.”
■ In the same'case, Judge Story remarks, that “a bond may by mutual mistake or accident, and wholly without design, be taken in a form not prescribed by the act. It would be a very mischievous interpretation of the act, to suppose, that under such circüm-stances, it was the intendment of the act, that the bond should be' entirely void. Nothing, we think, but very strong and exj press language should induce a court of justice- to adopt such an interpretation. When the act speaks out, i-t would be our duty to follow it. When it is silent, it is a sufficient compliance with the policy of the act, to declare the bond void as to any conditions which are imposed upon a party, beyond what the law requires. This is not only the dictate of the common law, but of common sense.” It is true, indeed, that in the case of the United States vs. Bradley, as well as in other cases, the court held, that the United States, being a body politic, had a general power to hold voluntary bonds in the absence of statutory enactments. But the reasoning of the case does not proceed upon that distinction, and the dis-' cussion is not based upon that principle. The result, it would seem, would have been the same, if the-bond in question had, by the sta--tute, been made- payable to the Secretary of War, of the Treasury, or other person. The general principle embraces both cases. Whether the bond, by the statute, be payable to the United States, or to some public functionary for their benefit-, the conditions not imposed by the statute are void, and the balance good. And the' court refers, as an authority to-sustain their judgment in the case' of the United States vs. Bradley, to the case of the Supervisors of the county of Alleghany vs. Van Campen, where the payees of the bond had none other than statutory power to take the bond. 3 Wend. 48. So also in a late case in England, in the Common Pleas, it was held by all the judges, that a bond payable by a collector of taxes to commissioners of the revenue, which in part did *509 not pursue the statute, was void as to that part, and good as to th® balance. Tindal, C. J., remarked, “that the rule of law is, that if a bond be conditioned for the performance of a thing, malum in se, or against a positive law, not only is the condition void, but the bond also, and the question is whether the conditions of this bond are for the performance of a thing malum in se, or contrary to the statute under which the bond was taken. If the conditions had been solely to pay to the commissioners, it would have imposed an illegal act, and the bond would have been void. But it becomes unnecessary to consider that, because there is. a separate condition under which the obligor is to pay to the receiver general. I cannot see why we are to call in aid a distant condition which may be illegal, to vitiate that which is clearly legal. Gaselee, judge, said, “there is no provision in the act, that the bond shall be taken in any particular form, and the condition to pay to the commissioners, does not render the whole bond void. In Newman vs. Newman, 4M. & S. 66, Lord Ellenborough, C. J.,said, “admitting the condition of the bond to be ill, as to one part of it, it seems it may be well as to the other parts; for you may sepárate at the common law the bad from the good.” 7 Bingham, 423.
The question therefore, in general, and also as to bonds merely statutory, seems upon authority well settled, and that superadded and distant conditions, not imposed by the statute, may be rejected as illegal, and the conditions required by the statute be enforced as valid. In the case before us, it will be observed .that the directions of the statute are comprised in very general language; the form of the bond is not prescribed. To hold in. such a case, that if the draughtsman of the bond, in fi lling up its conditions in detail, should insert some, which might be.construed as not falling within the general scope of the statute, the entire bond should be thereby rendered void, would be of most mischievous consequences, injuriously affecting all the fiscal interests of the State, and all the'fiduciary relations of society committed to the public ministration. As the superadded conditions in the case before us, may be rejected as void, it is scarcely necessary to inquire into their meaning and legal effect. If the clause, relating to one recovery not discharging the obligation, be understood to refer to actions of covenant within the limits of the penalty, then it only asserts what the law would operate without it. If it is to be understood to. mean, that more than one recovery of the penalty may be had, then it is" re *510 pugnant to law, the rules of which it is not competent for individuals by their contract to set aside, and would for that reason be void. We know not whether the other stipulation about absence, would or would not enlarge the measure of accountability intended by the statute. It is unnecessary here to inquire. The stipulation, if not imposed by the legislative intention, may be rejected.
There is somewhat a numerous class.of cases in our own books of Reports which have been referred to in the discussion. But these cases were upon other principles. They were not suits according to the course of common law, but summary, and often ex parte proceedings upon motion, and in most of them the penalty of the bond differed from that presented by the statute, a difference effecting the whole bond. The principle of these cases, therefore, is not in conflict with the conclusion at which we have arrived in the case before us. Upon the whole we are of opinion, that the judgment of the circuit court must be reversed, the demurrer be overruled, and the cause be remanded to the circuit court for further proceedings.