## Case No. 15,851.

UNITED STATES v. MYNDERSE et al.

[11 Blatchf. 1;[1] 12 Int. Rev. Rec. 104.]

Circuit Court, N. D. New York. June, 1870.[2]

INTERNAL REVENUE — DISTILLER'S BOND — NON-COMPLIANCE WITH STATUTORY REQUIREMENTS—VALIDITY—SURPLUSAGE.

1. The 39th section of the internal revenue act of July 1, 1862 (12 Stat. 446), describes

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]
[2] [Affirmed in 154 U. S. 580, 14 Sup. Ct. 1213.]

the bond to be given to the United States by distillers, on application for a license to distil, and specifies the several conditions of such bond in detail. The declaration herein averred, that G. made application to the collector of internal revenue for a license as a distiller, and that the defendants thereupon became bound, by writing obligatory, sealed, &c., to the United States, in the sum of $18,000, conditioned that the said G. should truly and faithfully conform to all of the provisions of the said act, and of such other act or acts as were then, or might thereafter be, in that behalf enacted: *Held*, that the bond was a valid bond, and the defendants were liable thereon.

2. Where a statute makes it the duty of a public officer to require of another an official bond, or a bond on granting a license, or the like, such bond is not necessarily invalid because it contains conditions which the statute does not prescribe, or exceeds the requirements of the statute.

3. When such bond is voluntarily given, and is not exacted or extorted colore officii it is binding.

4. When conditions in excess of the statute requirement are inserted therein, such conditions may be rejected as surplusage, and the bond be sustained as to the others.

[This was a suit by the United States against Edward Mynderse and Charles D. Mynderse.]

William Dorsheimer, U. S. Dist. Atty.
William F. Cogswell, for defendants.

Before WOODRUFF, Circuit Judge, and HALL, District Judge.

WOODRUFF, Circuit Judge. It is conceded, on the argument of the defendants' demurrer to the declaration herein, that the only question to be considered is, whether the bond declared upon is a valid instrument. It recites, that Jane Goodwin had made application to the collector of internal revenue for the 25th collection district of the state of New York, for a license as distiller, at the distillery situated at the town of Torrey, in, &c., and is conditioned, that, "if the said Jane Goodwin shall truly and faithfully conform to all the provisions of an act entitled 'An act to provide internal revenue to support the government, and to pay interest on the public debt,' approved July 1st, 1862, and of such other act or acts as were then, or might thereafter be, in this behalf, enacted, then the said obligation to be void, and of no further effect, otherwise," &c. By the 39th section of the act of July 1, 1862 (12 Stat. 446), referred to in the bond, it is made the duty of collectors, within their respective districts, to grant licenses for distilling to any person, being a resident of the United States, who shall desire the same, by application, &c., upon payment of the sum or duty prescribed; and it is provided, that, "at the time of applying for said license, and before the same is issued, the person so applying shall give bond to the United States, in such sum as shall be required by the collector, and with one or more sureties, to be approved by said collector, conditioned," (1) "that, in case any additional still or stills, or other imple-

ments to be used as aforesaid, shall be erected by him, his agent or superintendent, he will, before using, &c., report in writing to the said collector the capacity thereof, and information from time to time of any change in the form, capacity, &c., which either of the said stills, &c., may undergo;" (2) "that he will, from day to day, enter, or cause to be entered, in a book to be kept for that purpose, the number of gallons of spirits that may be distilled by said still or stills, &c., and, also, of the quantities of grain, or other vegetable productions, or other substances, put into the mash tub, or otherwise used by him * * * for the purpose of producing spirits, which said book shall be open at all times during the day (Sundays excepted) to the inspection of the said collector, who may make memorandums or transcripts therefrom;" (3) "and that he will render to the said collector, on the first, tenth, and twentieth days of each and every month, or within five days thereafter, during the continuance of said license, an exact account, in writing, taken from his books, of the number of gallons of spirits distilled and sold, or removed for consumption or sale, * * * and the proof thereof, and, also, of the quantities of grain, &c., * * * put into the mash tub, or otherwise used by him, * * * for the purpose of producing spirits, for the period or fractional part of a month then next preceding the date of said report, which said report shall be verified by affidavit in the manner prescribed by this act;" (4) "and that he will not sell, or permit to be sold, or removed for consumption or sale, any spirits distilled by him under and by virtue of his said license, until the same shall have been inspected, gauged, and proved, and the quantity thereof duly entered upon his books as aforesaid;" (5) "and that he will, at the time of rendering said account, pay to the said collector the duties which by this act are imposed upon the spirits so distilled."

It is, of course, conceded, that the bond described in the declaration is not in the words of this 39th section. It is conditioned for conformity by the distiller to "all the provisions" of the act, and of such other acts as were then, (i. e., at the time of the execution of the bond,) or might thereafter be, in that behalf, (i. e., in regard to the duty of distillers,) enacted. Now, if the condition of this bond, in its broad generality, did, in fact, require, as a condition, nothing which is not included in the details enumerated in the section describing the bond, the only question would be—is the bond void, because it does not follow the words of the section, but, in lieu thereof, employs general language, having no greater meaning; or, in another form, if the bond prescribed by the 39th section, literally followed, would be conditioned for the performance of specific acts and duties, which, in truth, embrace all the duties imposed by the act, does the failure to enumerate all those duties in detail invalidate the bond? I

think not. In such case, the words, "conform to all the provisions" of the act, are, in meaning and in legal effect, the same as, "do and perform the several things in detail, enumerated in the act." Grouping the various duties in one phrase, and describing them as "conformity to all the provisions," is exactly equivalent to an enumeration of each in detail. Such a bond is no more onerous to the principal obligor, or to the sureties, and binds them to nothing which the statute did not require that they should, by the bond, be bound to do and perform.

But, laying out of view, for the present, that part of the condition of the bond in suit which requires conformity to the provisions of acts which may thereafter be enacted, I am not ready to agree that a bond voluntarily given upon an application for a license as a distiller, conditioned for the performance of all the duties imposed on distillers by the act under which the license is granted, is invalid, even if the applicant might have claimed such license upon tender of a bond less comprehensive in its scope. The cases relied upon by the defendants do not affirm such a proposition, but rather the contrary. It is to be carefully observed, that it does not appear that the collector, in the case before us, required, exacted, or extorted the bond in the particular form in which it was given; but, only, that Jane Goodwin was a distiller of spirits, and owner of a distillery in the said town of Torrey, &c., and the defendants, by their certain writing obligatory, sealed, &c., recited an application to the collector for a license as distiller, and acknowledged themselves bound to the United States in the sum of $18,000, conditioned, nevertheless, that the said Jane Goodwin should truly and faithfully conform to all of the provisions of the act under which such license was permitted. It is an undertaking, upon the granting and acceptance of a license to distil, that she will obey the statute which regulates her conduct as a distiller.

In the first place, as we must assume that such a bond was voluntarily tendered, the rule, and the cases which hold that a bond exacted by a public officer, colore officii, is void, if it embrace conditions which he is not authorized to require, have no application to the case. U. S. v. Tingey, 5 Pet. [30 U. S.] 115; Hawes v. Marchant [Case No. 6,240]; U. S. v. Gordon [Id. 15,232].

On the other hand, in the case of U. S. v. Tingey [supra], in which the rule last mentioned is stated and applied, the opinion of the court distinctly and unequivocally declares, that "it would be very different where such a bond was, by mistake or otherwise, voluntarily substituted by the parties for the statute bond, without any coercion or extortion by color of office." In that case, the statute required that a purser should give bond "conditioned faithfully to perform all the duties of purser in the navy of the United States." The bond actually given was construed to require him to account for all moneys received by him, and for all public property committed to his care, whether officially as purser, or otherwise, and was deemed clearly not in the terms of the act, and Mr. Justice Story, in giving the opinion of the court, says: "Upon this posture of the case, a question has been made, and elaborately argued at the bar, how far a bond voluntarily given to the United States, and not prescribed by law, is a valid instrument, * * * in other words, whether the United States have, in their political capacity, a right to enter into a contract, or to take a bond, in cases not previously provided for by some law. Upon full consideration of this subject, we are of opinion, that the United States have such a capacity to enter into contracts." Upon further discussion, and full affirmance of this doctrine, the opinion of the court places the decision of the case upon the sole ground, that the bond was (as the demurrer was held to admit) required and extorted by the secretary of the navy, under color of office. Upon the principles declared in the opinion, it cannot be doubted, that, had the bond then in question been found a voluntary bond, executed without duress or requirement, it would have been binding according to its terms, and would have bound the sureties for any public property committed to the care of their principal.

The case of Speake v. U. S., 9 Cranch [13 U. S.] 28, necessarily involves the same principle. There, the statute required the execution of a bond in double the value of a vessel cleared from a port of the United States. The defence was, that the bond in suit was taken in a greater sum. But, in the absence of allegations that it was unduly obtained by the collector, colore officii, by fraud, oppression, or circumvention, the sureties were estopped to allege that the value of the vessel and cargo was less than one-half the penalty. This, of course, affirms that the bond was valid according to its terms, and must operate according to its common-law import; whereas, if any excess in amount, though voluntarily inserted, would render it void, it could have no operation between the immediate parties, even by estoppel.

In the state of New York, the statute (2 Rev. Laws, p. 139, § 5) required the treasurer of a county to give a bond conditioned "that he shall well and faithfully execute the office of treasurer of such county, and pay all moneys which shall come to his hands as treasurer, according to law, and render a just and true account thereof to the said supervisors, or to the comptroller of the state." In Supervisors v. Van Campen, 3 Wend. 48, a bond executed by a county treasurer was held a valid bond, although, instead of being conditioned according to this specification in the statute, it was simply that the said M. V. C. "shall well, truly, and faithfully execute and perform the duties of treasurer of said county, according to law."

In U. S. v. Bradley, 10 Pet. [35 U. S.] 343, a bond voluntarily given by a paymaster, though not in conformity with the statute prescribing the bonds of such officers, was held valid, notwithstanding it purported to bind the sureties to a broader extent than the act prescribed. It is true, that, in that case, the breaches alleged were of the very condition which the statute required to be inserted in the bond, namely, that he account, &c.; and it was not necessary for the court to decide whether the sureties would be liable for a breach of duty mentioned in the condition of the bond, but not specified in the statute prescribing the condition; and the court, therefore, while they reaffirmed the doctrines of the opinion in U. S. v. Tingey, decided all that was material, when they held the bond valid as to the conditions prescribed by the statute, and effectual to charge the sureties for the breaches against which the prescribed bond was intended to protect the government.

It is to be observed, that the case now before us charges only breaches of the very condition mentioned in the statute (section 39), describing the bond to be given by a distiller; and we are, nevertheless, asked to hold, that, because the bond is conditioned for the performance of all the duties required of a distiller under the act, it is not good as to those duties which the statute requires shall be secured by bond. The case of U. S. v. Linn, 15 Pet. [40 U. S.] 290, reaffirms, in a still stronger case, the validity of an instrument executed to the United States, not conforming to the statute requirements, and upon the principle of the case above stated.

I am quite aware, that it has been insisted, that, when a statutory bond contains conditions required by the act under which it is taken, and other conditions which are not so required, it is void as to the latter. See Armstrong v. U. S. [Case No. 549]; U. S. v. Howell [Id. 15,405]. And this proposition finds some color in the opinion of Chief Justice Marshall in Dixon v. U. S. [Id. 3,934]. But, it will be seen, that, in that case, his language relates to conditions introduced by the officer taking the bond, under color of office, which conditions are not warranted by law, and that the point in judgment was, whether the bond was wholly void. And in U. S. v. ——— [Id. 14,413] he held, in conformity with the remarks in the former case, that, in dealing with a statutory obligation, matter inserted in the obligation, which the statute did not require might be rejected as surplusage, and the bond stand valid for the residue. Observations of a similar purport appear in the opinion of Mr. Justice Story in U. S. v. Bradley, 10 Pet. [35 U. S.] 343, above referred to.

This distinction may well exist where the bond has no legal existence except by force of the statute which has prescribed the taking of the bond; and, if it is applicable to all cases in which congress have assumed to direct the taking of a bond, it should not be applied to a bond in substantial conformity with the statute, and containing no condition that is not within the clear duty imposed by the act itself. But, conceding that the bond now in suit is to be tested by the views last adverted to, what conditions are inserted in it which the statute requiring the bond does not contemplate? The condition is, that the distiller shall truly and faithfully conform to all the provisions of the act of July 1, 1862 (being the act which authorizes the license to distill), and of such other act or acts as were then, or might thereafter be, in that (or this) behalf, enacted. Now, the 39th section of the statute does not provide for a bond to comply with future enactments. So far, then, as it relates to duties created by future statutes, let the words, "or might thereafter be," be struck out as surplusage, according to the opinion of Chief Justice Marshall. What, then, is embraced in the condition, which the statute did not prescribe? The duties of a distiller, in keeping books, and making entries therein, of the spirits distilled, and of the materials used, to be open to inspection, and in making returns to the collector, on the 1st, 10th, and 20th of each month, of sales made or spirits removed, and in paying the duties thereon, are prescribed in section 45 of the act, and almost in the words of the 39th section, which prescribes the bond to be given: and it is the violation of the requirements of this 45th section which constitutes the breach of the bond in suit. The bond clearly embraces the alleged defaults. The statute clearly requires that the bond shall be conditioned against such defaults. Had the bond been conditioned in the very words of the statute, it would have been broken by the alleged defaults on which the action is founded. There is no pretence that the defendants are now sought to be drawn into a new liability or subjected to one which the statute did not contemplate. Had the words of the statute been followed, the defendants would have been in the same condition in which they now are. It is the defendants who are seeking, on grounds highly technical, to avoid a just liability. Why, then, is not the bond effectual? It is said, that other violations of the act may be committed, which would be a breach of this general condition of the bond, and that the court cannot sustain the bond, because the language of the bond includes both indiscriminately. If the fact be as assumed, I could not assent to the inference.

The propositions stated are, that the conditions which are inserted in the bond, but which are not mentioned in the statute, are inoperative; that the general words of the bond include both; that the court cannot reform the language of the bond, and, to strike out any of the words, would be to destroy the whole condition; and that the

court cannot, by construction, limit the operation of the bond to what it might lawfully require, and must, therefore, of necessity, hold the bond altogether void. This argument may be illustrated by an example. If the bond was, by the statute, required to enjoin obedience to the 45th section, and it was so drawn as to require obedience to the 45th and 56th, the court could treat all reference to the 56th as surplusage, and hold it good as to the requirements of the 45th, but, if in terms drawn so as to require obedience to all the provisions of the act, the court cannot regard any portion of it as surplusage, or limit its operation to the 45th, even though it should appear that only those two sections create or impose any duty. This does not seem to me reasonable, or as resting upon any sensible ground. In my judgment, the present case is fairly illustrated by the above example. I do not find in the act any duty imposed upon a distiller, in the behalf mentioned in the bond in this case, (except what is contained in the 56th section of the act,) which the bond prescribed in the 39th section, (and which, in every view, it was lawful to take,) does not embrace.

It was suggested, in the argument, that the bond, as now framed, would make failure to pay the license tax, to make manufacturer's returns, or to comply with the stamp act, breaches of the condition. Not so. They have no relation to the duties of distillers, as such. The distiller has not to make manufacturer's returns, other than what are mentioned in the 39th, 45th, and 56th sections. The single duty which I find imposed upon distillers, the performance of which is not required to be made by the 39th section a condition of the bond, is, that he will make monthly returns to the inspector. All else is properly embraced in the bond, as prescribed. The objection to the bond comes, then, to this—it is conditioned for conformity to all the requirements of the act. The section directing the giving of the bond does not require that the distiller shall give a bond conditioned to make the monthly returns to the inspector, and, in that respect, the bond in question exceeds the requirement. It seems to me more in accordance with good sense, with the maxim which prefers that "res magis valeat quam pereat," with the spirit and intent of the decisions above referred to, and with what is just to both parties, to say, that this bond is in substantial, though not literal, compliance with the statute; that it was voluntarily given, to secure what it was not only lawful, but the duty of the distiller, to do; that it was manifestly taken in good faith, for the single purpose of securing those things which it was intended such bond should secure, and has in it no taint of illegality whatever; and, finally, if its terms are so comprehensive as to embrace a duty to render an account, which duty, if separately specified, would have been rejected therefrom as an excess or surplusage, that it is our duty to regard the requirement embodied in the general words used as not, in point of law, including it, and to hold that the breach which is alleged, and which is clearly one which constitutes a breach of the bond described in the statute, is covered by the condition.

These views lead me to the conclusion that the plaintiffs should have judgment on the demurrer.

HALL, District Judge, did not concur in the foregoing opinion, but came to the conclusion that the defendants were entitled to judgment on the demurrer. See his opinion [Case No. 15,850a]. The case was then certified to the supreme court, upon a difference of opinion. In that court, the bond was held valid, in affirmance of the conclusion of Judge WOODRUFF, and, on the return of the mandate, judgment for the plaintiffs, on the demurrer, was ordered. [154 U. S. 580, 14 Sup. Ct. 1213.]