# PROVIDENCE COUNTY.

BENJAMIN TRIPP, City Treasurer of the City of Providence, *vs.* ALBERT G. BARTON *et als.*

Paying over the proceeds of an auction sale to the person for whom he sells is one of the official duties of an auctioneer.

Hence neglect so to pay over constitutes a breach of a bond conditioned simply that the auctioneer shall "well and faithfully perform all the duties of said office during his continuance therein."

An official bond need not follow the words of the statute if it uses words of the same legal effect.

DEFENDANTS' petition for a new trial.

*October* 14, 1880. DURFEE, C. J. This is debt on an auctioneer's bond against the sureties. The breach alleged is a neglect of the auctioneer to pay over to one Harrison H. Richardson the proceeds of certain goods and chattels sold by him as auctioneer for said Richardson. The statute, Gen. Stat. R. I. cap. 124, § 2, directs that an auctioneer shall give bond "faithfully to execute the duties of his office according to law, to pay over all moneys received by him for goods sold at auction to the owners thereof, and to pay over all duties to the State and to the town which shall accrue on goods so sold by him." The bond in suit is conditioned simply that the auctioneer shall "well and faithfully perform all the duties of said office during his continuance therein." The question is whether the plaintiff can recover under the bond for the neglect alleged.

We think he can. It is not necessary that the bond should be in the words of the statute, if it uses words of the same legal effect. *Cobb* v. *The Commonwealth,* 3 T. B. Mon. 391; *Boring* v. *Williams,* 17 Ala. 510; *Nunn* v. *Goodlett,* 10 Ark. 89; *Justices of Inferior Court* v. *Administrator of Wynn,* Dud. Ga. 22; *State* v. *Layton,* 4 Harring. Del. 512. If therefore it is one of the official duties of an auctioneer to pay over the proceeds of his auction sales, a neglect to do so is a breach of the bond. We think there can be no doubt that it is a duty incident to his office, and consequently an official duty, for him to pay over the proceeds of auction sales. This point was expressly so decided, and we think correctly, in *Commissioners of Raleigh* v. *Holloway,* 3 Hawks, 234. To the like effect is the case *Allegany County* v. *Van Campen,* 3 Wend. 48. The bond having been given in fulfilment of the statute ought to be construed in furtherance of its design in so far as its language will fairly permit. The petition for a new trial must therefore be denied.      *Petition dismissed.*

*Perce & Hallett,* for plaintiff.

*Edward D. Bassett,* for defendant.